IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONAH CHARLOT                                                                    PLAINTIFF

v.                                         CIVIL NO. 22-cv-2104

KILOLO KIJAKAZI, Acting Commissioner                                             DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Jonah Charlot, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on July 11, 2019. (Tr. 10). In her application, Plaintiff alleged disability beginning on December 18, 2011, due to fibromyalgia, migraines, chronic pain, degenerative disc disease, peripheral neuropathy, depression, anxiety, diabetes, and arthritis. (Tr. 10, 186). An administrative hearing was held via telephone on September 17, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 32–69). A vocational expert ("VE") also testified. *Id*.

On November 12, 2020, the ALJ issued an unfavorable decision. (Tr. 7–24). The ALJ found that Plaintiff last met the insured status requirements of the Act on December 31, 2016. (Tr. 12). The ALJ found Plaintiff had the following severe impairments: internal derangement of the left shoulder status post arthroscopic surgery, osteoarthritis, spondylosis of the cervical and lumbar

1

spine, insulin dependent diabetes mellitus, migraine headaches, carpal tunnel syndrome of the left wrist, obesity, depression, and anxiety. (Tr. 12–13). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13–14).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except that she can perform only occasional overhead reaching with her non-dominant left arm; can frequently use her non-dominant left hand for fingering, grasping, and manipulating but not for repetitive use; and is limited to work with simple tasks, simple instructions, and only incidental contact with the public.
> (Tr. 14–23).

The ALJ found Plaintiff was unable to perform any past relevant work. (Tr. 23). However, with the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of document preparer, cutter paster, and eyeglass frame polisher. (Tr. 23–24). The ALJ found Plaintiff was not disabled from December 18, 2011, through December 31, 2016, the date last insured. (Tr. 24).

Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) Whether the ALJ erred in assessing Plaintiff's RFC; 2) Whether the ALJ improperly evaluated medical opinion evidence; and 3) Whether the ALJ erred at step five. (ECF No. 12). Defendant argues that the RFC finding was supported by substantial evidence; that the ALJ properly evaluated Plaintiff's subjective complaints and properly evaluated the medical opinion evidence; and that substantial evidence supported the ALJ's step five findings (ECF No. 16).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barnhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is

[also] required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

Defendant argues the ALJ did not err by failing to include any limitations related to Plaintiff's migraine, citing *Gann v. Colvin*, 92 F. Supp. 3d 857, 885 (N.D. Iowa 2015) for the proposition that impairments assessed at step two do not automatically translate into limitations on Plaintiff's ability to work. (ECF No. 16, pp. 5–6). However, this holding has been narrowed to instances wherein the ALJ provided an explanation as to why no limitations were included in the RFC determination. *See Carleen W. v. Kijakazi*, 2022 WL 396880, at *7 (D. Minn. Jan. 30, 2022), *report and recommendation adopted sub nom. Carleen W. v. Kijkazi*, 2022 WL 396044 (D. Minn. Feb. 9, 2022).

A claimant's RFC must fully account for all of his or her impairments, whether severe or non-severe. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, No. 4:18-CV-212-JLH-BD, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019), report and recommendation adopted, No. 4:18-CV-212-JLH-BD, 2019 WL 1449618 (E.D. Ark. Apr. 1, 2019); *see also Franklin v. Comm'r of Soc. Sec. Admin.*, No. 4:20-CV-01037-BSM-ERE, 2021 WL 4950299, at *2 (E.D. Ark. Oct. 25, 2021), report and recommendation adopted, No. 4:20-CV-01037-BSM, 2022 WL 823579 (E.D. Ark. Mar. 17, 2022) ("The ALJ cannot plausibly find at Step Two that Ms. Franklin's impairment significantly limits her ability to perform basic work activities and also disregard the impairment in determining her RFC.").

Despite finding Plaintiff's migraines to be severe at step two, the ALJ did not elucidate any limitations that this impairment would cause in his RFC discussion and did not provide any reason that this severe impairment would not impose any limitations. (Tr. 12, 14–23). In this case, it makes little sense for the ALJ to find Plaintiff's migraines were severe and then fail to account for any limitation related to her migraines. The Court believes remand is necessary for the ALJ to more clearly account for all of Plaintiff's limitations in the RFC determination.

### IV.     Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 31st day of July 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE